UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.      -CIV-

IVETTE KIRENIA SANCHEZ,

    Plaintiff,

v.

CYSA JET CARGO CORP.,
a Florida Corporation, ALFONSO SANTIAGO,
an individual and CARLOS A. RODRIGUEZ,
an individual.

    Defendants.

_____/

## PLAINTIFF'S INITIAL COMPLAINT

Plaintiff, IVETTE KIRENIA SANCHEZ ("Plaintiff"), by and through her undersigned attorney, and hereby sues Defendants, CYSA JET CARGO CORP., a Florida Corporation, ALFONSO SANTIAGO, an individual and CARLOS A. RODRIGUEZ, an individual (collectively, the "Defendants") as grounds alleges:

## JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs, and attorney's fees for willful violations of overtime wages under the laws of the United States, the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

## PARTIES

2. Plaintiff, IVETTE KIRENIA SANCHEZ, is an adult, female citizen of the United States who presently resides in Miami, Miami-Dade County, Florida.

1

3. Defendant, CYSA JET CARGO CORP., a Florida Corporation, did at all times material, conduct substantial and continuous business in the Southern District of Florida. CYSA JET CARGO CORP. is located at 1720 Northwest 82nd Avenue, Miami, Florida 33191.

4. At all material times hereto, ALFONSO SANTIAGO and CARLOS A. RODRIGUEZ owned, managed, and/or operated CYSA JET CARGO CORP. and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay for employees, and control the finances and operations of CYSA JET CARGO CORP. By virtue of such control and authority the individually named Defendants are employers of Plaintiff as such term is defined by the FLSA, 29 U.S.C. § 203(d).

5. At all times material to this Complaint, Defendants had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

6. Based upon information and belief, the annual gross sales volume of Defendants entity was in excess of $500,000.00 per annum at all times material hereto.

7. At all times pertinent to this Complaint, Defendants entity was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. § 203(s).

8. At all times material hereto, Plaintiff is and continues to be a resident of Miami, Miami-Dade County, Florida and was an "employee" of the Defendants within the meaning of the FLSA.

9. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by the Defendants.

## JURISDICTION AND VENUE

10. This Court has original subject matter jurisdiction over this suit pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

11. Venue is proper in the United States District Court for the Southern District of Florida under 28 U.S.C § 1391(b) and (c) because a substantial part of the events giving rise to the claim occurred in this district and payment was due in Miami-Dade County.

## FACTUAL ALLEGATIONS

12. On or about October 2015, Plaintiff was hired by Defendants as an aerial operations management. On or about July 2016, Plaintiff's employment was terminated.

13. Plaintiff worked fourteen (14) hours a day and earned approximately six hundred (600) dollars a week plus a thirty (30) percent commission.

14. Plaintiff worked approximately seventy (70) to eighty (80) hours a week.

15. In many weeks, Plaintiff worked in excess of forty (40) hours per week, but was not paid at the rate of time-and-one-half his regular hourly rate.

16. Although the Defendants were able to keep track of hours worked by Plaintiff, Defendants failed to pay Plaintiff at an overtime rate when working in excess of forty (40) hours a week.

17. Plaintiff should have been paid on an hourly, non-exempt rate during the entire course of his employment with the Defendants.

18. Plaintiff is still owed for his overtime work completed from October 2015 to July 2016.

## COUNT I
## Violation of 29 U.S.C. § 207 (Unpaid Overtime)
### (*Against the Defendants*)

19. Plaintiff re-alleges and reincorporates paragraphs 1-18 as fully alleged therein.

20. As of January 2014, in addition to Plaintiff's normal, regular work week, Plaintiff worked additional hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half.

21. Plaintiff was entitled to be paid at the rate of time and one-half for the hours worked in excess of the maximum hours provided for in the FLSA.

22. Defendants failed to pay Plaintiff's overtime compensation in the lawful amount for hours worked by Plaintiff in excess of the maximum hours provided for in the FLSA.

23. At all times, Defendants willfully employed Plaintiff for many work weeks longer than forty (40) hours, and failed and refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rate at which she was employed.

24. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of minimum wages in amounts to be determined and is entitled to recovery of liquidated damages in the same amount, plus reasonable attorneys' fees and costs.

25. Defendants remain owing Plaintiff overtime wages, and Plaintiff is entitled to recover double damages pursuant to the FLSA.

26. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to her are in the possession and custody of Defendants.

27. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of time and one-half

for the hours worked in excess of forty (40) hours per week when it knew or should have known such was due.

28. Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

29. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

30. Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff, respectfully request that judgment be entered in her favor against Defendants:

a. Declaring that Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;

b. Awarding Plaintiff overtime compensation in the amount calculated;

c. Awarding Plaintiff liquidated damages in the amount calculated;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just.

## DEMAND FOR JURY TRIAL

A jury trial is demanded on all issues triable by jury.

Date: January ___, 2017.

Respectfully Submitted,

**GALLARDO LAW OFFICE, P.A.**
*Attorney for the Plaintiffs*
8492 SW 8th Street
Miami, Florida 33144
Telephone (305) 261-7000
Facsimile (786) 261-0088

By: /s/ Elvis J. Adan
Elvis J. Adan, Esq.
Florida Bar No. 24223
Email: elvis.adan@gallardolawyers.com